## Commonwealth Brewing Co., Appellant, *v.* White.

*Judgment—Opening judgment—Lack of consideration—Lien of execution—Release—Security.*

1. A judgment entered on a note is properly opened where the court finds that the depositions leave it a matter of great uncertainty as to whether or not there was any consideration for the note on which the judgment was entered.

2. Where a fieri facias issued before the judgment was opened, and the court makes absolute a rule to show cause why the lien of the execution should not be released, saying that defendant has leave to enter security in an amount stated to secure judgment, interest and costs, the appellate court will construe such order as meaning that the lien is released on the entry of such security, and not before.

Argued March 23, 1922. Appeal, No. 337, Jan. T., 1922, by plaintiff, from order of C. P. No. 3, Phila. Co., Sept. T., 1919, No. 3717, making absolute rule to open judgment, in case of Commonwealth Brewing Co. v. Joseph A. White. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Rule to open judgment.
Rule to release lien of judgment. Before FERGUSON, J.
The opinion of the Supreme Court states the facts.
Rules absolute. Plaintiff appealed.

*Errors assigned,* inter alia, were orders, quoting them.

*Alexander Love, Jr.,* with him *Ladner & Ladner,* for appellant.—A judgment confessed voluntarily will not be opened in the absence of fraud, accident or mistake incident to the execution of the confession of judgment: Woodring v. Woodring, 1 Pa. Dist. R. 739; Lessa v. Staler, 75 Pa. Superior Ct. 468.

The court below erred in setting aside the lien of plaintiff's execution and in dissolving the attachment: Gallup v. Reynolds, 8 Watts 424; Slutter v. Kirkendale, 100 Pa. 307; Reed v. Lindsey, 104 Pa. 156; Billmeyer v. Evans, 40 Pa. 324; Adams v. Leeds, 189 Pa. 544; Van-Cott v. Webb-Miller, 25 Pa. Superior Ct. 51.

*William Charles Brown,* with him *Cornelius Haggarty, Jr.,* for appellee, cited: Adams v. Leeds Co., 189 Pa. 544.

PER CURIAM, April 17, 1922:

On October 22, 1919, plaintiff entered judgment in the court below against defendant, on a judgment note dated November 3, 1917, for $1,950; October 30, 1919, damages were assessed in the amount of $2,267.92; October 19, 1921, a writ of fieri facias issued, returnable the first Monday of November, 1921, and execution went out; October 27, 1921, defendant took a rule to open judgment and let him into a defense, the grounds alleged being lack of consideration to support the note. The court below opened the judgment, saying: "The depositions leave it a matter of great uncertainty as to whether or not there was any consideration moving to defendant for the judgment note filed of record in this case; we are of opinion, therefore, the rule to open should be made absolute and the matter referred to a jury for determination." The lien of the execution not having been released, defendant petitioned for a rule to obtain that relief, and the court made this order: "Rule absolute; defendant has leave to enter security in sum of $3,000 to secure judgment, interest and costs, including sheriff's costs." We construe this to mean that the lien is released on the entry of approved security as above stated, and not before.

The order appealed from is accordingly affirmed.